Graham, -Judge,
delivered the opinion of the court.
This suit grows out of a claim for remuneration for damages for injury done to a vessel while in the possession of the defendant under lease. The defendant leased the vessel from the plaintiff under a contract which, inter alia, provided:
Sixth. Said vessel shall be returned to the owner at the place of delivery at a date not later than a reasonable time after peace is declared, and thereupon the Government shall pay to the owner a sum equal to the cost to him of restoring the vessel to the same condition and good order in all respects in which she was at the time of delivery to the commandant, ordinary wear and tear excepted, such sum to be determined by. a board of arbitrators to be composed of three disinterested persons, one chosen by the owner, one by the commandant, and the third by the two first chosen, said board to be appointed as promptly as possible, and the decision thereof to be concurred in by a majority of its members.
During the period defendant had the vessel in its possession, defendant paid the rental agreed upon in the contract and continued in possession of the vessel until January 29, 1919, when it was redelivered to the plaintiff. On that day three persons, as provided in the contract, one named- by the plaintiff, one by the defendant, and a third by these two, Avere chosen as a board to determine the amount of money that the Government must pay the plaintiff to cover the cost to the plaintiff of restoring the Aressel to the same condition and good order in all respects in AAdiich she Avas at the time of delivery to the defendant, ordinary wear and tear excepted, as provided in the contract.
The board, after an examination of the vessel on January 30, 1919, found that the sum of $1,176 was necessary to restore the A^essel to its original condition, and this award Avas afterwards approved by the Secretary of the Navy. Thereupon the plaintiff took possession of the vessel and delivered it into the possession of one Bickford, to Avhom it had been leased by him, and, after it had been used by the former for a while with satisfactory results, it was put on a ship railway and some time spent in overhauling it, *295 including all of its machinery and connections. Thereafter it again passed into the possession of the lessee, who began operating it, and while doing so the vessel took fire from some cause undisclosed, and was burned.
The plaintiff about this time notified the -defendant that he would not accept the award of the board and finally accepted $882, or 75 per cent of said award, and filed his suit in this court on March 12, 1921, claiming damages to the boat in the sum of $10,000 and seeking to recover $9,118, the difference between the former sum and the $882 received.
In view of the fact that there is no evidence that the fire which destroyed the boat was due to any negligence or misconduct on the pai't of the defendant, the claim here for damages for the value of the boat can be dismissed without further discussion.
The findings of fact show that the board of award properly performed its duties in making the award and fixing the sum which was necessary to. put the vessel in as good repair and condition as it was at the time it Avas received into its possession by the defendant. The board Avas regularly chosen and constituted as provided in the contract. It was the tribunal chosen by the parties to make a decision upon this question of fact, and its decision is binding upon the plaintiff. It awarded the plaintiff the sum of $1,176, of Avhich sum the plaintiff has received $882.
Judgment should be entered in favor of the plaintiff for the difference between these sums, namely, $294, and it is so ordered.
Hat, Judge; Doavotct, Judge; Booth, Judge; and Cami>-belu, Chief Justice, concur.